IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADRICK J. RUSSO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1652 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before this Court are Plaintiff Bradrick J. Russo's ("Russo") Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. # 21]. Russo challenges the findings and conclusions in the Memorandum and Recommendation [Doc. # 20] issued by Magistrate Judge Calvin Botley on October 30, 2007, recommending the granting of Defendant Commissioner of the Social Security Administration ("Commissioner") Michael J. Astrue's Motion to Dismiss [Doc. # 10], which was converted to a motion for summary judgment. The Magistrate Judge concluded that, because there had been no "final" decision by the Commissioner, this federal case was untimely filed.

Russo's Objections are deemed timely filed. *See* 28 U.S.C. § 636(b)(1). The district court must make a "*de novo* determination of the objections" raised by the

parties. *See, e.g., Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has reviewed the Memorandum and Recommendation and Russo's Objections, as well as made a *de novo* review of the Memorandum and Recommendation and specified proposed findings or recommendations to which objection is made. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 855 (5th Cir. 1991).[1] For the reasons explained in the Magistrate Judge's Memorandum and Recommendation and the additional points set forth below, the Court concludes that Russo's objections should be overruled.

Russo objects to finding that the Appeals Council decision was not a "final decision" under the Social Security Act, 42 U.S.C. § 405(g), and that this places Russo in a "catch-22 position." The Court, while not unsympathetic to Russo's predicament, cannot create federal subject-matter jurisdiction when none exists under congressional mandates. The decision by the Appeals Council to dismiss Russo's request for review as untimely is not a "final" decision under § 405(g). Because the Appeals Council

---

[1] "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n.8; *accord United States v. Carrillo-Morales*, 27 F.3d 1054, 1061 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

2

dismissed Russo's request for review, finding that it was not timely filed, the Commissioner has not held a hearing or otherwise addressed the merits of Plaintiff's claim. Therefore, the Commissioner's decision is not "final" under applicable statutes and regulations for the purposes of permitting judicial review. *See Brandyburg v. Sullivan*, 959 F.2d 555, 560, 561-62 (5th Cir. 1992); *see also Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990); *Harper v. Bowen*, 813 F.2d 737, 739, 742-743 (5th Cir.), *cert. denied*, 484 U.S. 969 (1987); *see generally* 20 C.F.R. §§ 416.1403(a)(8), 416.1472.

Russo does not assert a constitutional claim that would entitle him to judicial review notwithstanding the lack of complete administrative exhaustion under the Social Security Act. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *Vargas v. Barnhart*, 101 F. App'x 989, No. 03-51404, 2004 WL 1491596, *1 (5th Cir. July 1, 2004); *Thibodeaux v. Bowen*, 819 F.2d 76, 80 (5th Cir. 1987). Accordingly, the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction is correct. The Court has no authority to rule on the merits of the claim and this case must be dismissed. *See* 42 U.S.C. § 405(g).

This Court notes, as did the Magistrate Judge, that Russo has the right to address the timeliness issue again before the Appeals Council.[2] If he does so, he must address

---

[2] It is further noted that Russo prevailed for the most part before the Administrative Law Judge.

the factual issues pointed out by the Magistrate Judge and the Appeals Council. It is therefore

**ORDERED** that Russo's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. # 21] are **OVERRULED**. It is further

**ORDERED** that the Memorandum and Recommendation [Doc. # 20] is **ADOPTED** as this Court's Memorandum and Order. Further, it is

**ORDERED** that the Commissioner's Motion to Dismiss, as converted to a Motion for Summary Judgment [Doc. # 10], is **GRANTED**. It is finally

**ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

**SIGNED** at Houston, Texas, on this the 27th day of November, 2007.

*[Signature]*

Nancy F. Atlas
United States District Judge